UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>　　　Plaintiff,<br>　　vs.<br><br>COLIN M. BETTS,<br>JILL BETTS,<br>USAA,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)　NO. 1:10-cv-00571-TWP-DKL<br>)<br>)<br>)<br>)<br>)<br>) |

**ENTRY ON SUMMARY JUDGMENT**

This action relates to the availability of insurance coverage arising out of a car accident. Plaintiff American Family Mutual Insurance Company ("American Family") insured a 2003 Kia Spectra owned by non-party Andrew Betts. On October 22, 2007, Defendant Colin Betts was driving the Kia Spectra with his wife, Defendant Jill Betts, in the passenger seat, when they were involved in an accident with another vehicle. This accident occurred in Cole, Oklahoma. Roughly two years after the accident, on October 21, 2009, Jill sued her husband, Colin, in Oklahoma state court for negligence, seeking damages for bodily injuries.

On May 7, 2010, American Family filed a complaint in this Court for declaratory judgment against Defendants Colin Betts, Jill Betts, and foreign corporation USAA (collectively, "Defendants"). According to American Family, its "policy of insurance bars coverage for any liability claims by Jill Betts against her husband, Colin Betts, as a result of the automobile accident[.]" (Dkt. 58 at 1). On November 30, 2011, American Family filed a motion for summary judgment, to which Defendants have failed to respond.

1

The policy of insurance issued by American Family to Andrew Betts provided liability coverage as follows:

> **PART I - LIABILITY COVERAGE**
> **You** have this coverage if Bodily Injury Liability and Property Damage Liability coverage is shown in the declarations. **We** will pay compensatory damages an **insured person** is legally liable for because of **bodily injury** and **property damage** due to the **use** of a **car** or **utility trailer. We** will defend any suit or settle any claim for damages payable under this policy as **we** think proper.

The policy also provided the following definition for "insured person" under liability coverage.

> The **insured person** or **insured persons** means:
> 1. **You** or **relative**.
> 2. Any person using **your insured car**.
> 3. Any other person or organization. This applies only to legal liability for acts or omissions of:
>    a. Any person covered under this Part while using **your insured car.**
>    b. **You** and any **relative** covered under this Part while using any **car** or **utility trailer** other than **your insured car**. This other **car** or **utility trailer** must not be owned or hired by that person or organization.
>
> But the following are not **insured persons:**
> 1. Any person, other than a **relative**, using **your insured car** without **your** permission.
> 2. Any person, other than a **relative**, using **your insured car** with **your** permission, but who exceeds the scope of that permission.
> 3. Any person using a vehicle without the permission of the person having lawful possession.
> 4. Any person using a vehicle with the permission of the person having lawful possession, but who exceeds the scope of that permission.

Finally, the policy contained the following exclusion:

**EXCLUSIONS**

This coverage does not apply to:

* * *

>  10. **Bodily injury** to:
>  a. Any person injured while operating **your insured car**;
>  b. **You** or any person related to **you** and residing in **your** household; or
>  c. Any person related to the operator and residing in the household of the operator.

Under the circumstances, Exclusion 10(c) operates to exclude coverage. Colin Betts was "the operator" of the insured car. The policy excludes bodily injury coverage to "[a]ny person related to the operator and residing in the household of the operator." Jill Betts was related to and lived with Colin. Therefore, as American Family notes, "the policy clearly excludes any liability coverage for the claims of Jill Betts against her husband and the operator of the vehicle, Colin Betts." (Dkt. 58 at 18); *see also United Farm Bureau Mut. Ins. Co. v. Steele*, 622 N.E.2d 557, 560-61 (Ind. Ct. App. 1993) (holding a household exclusion is not against public policy).

This is consistent with the applicable law and the plain and unambiguous terms of the policy. As an initial matter, given that this case is based on diversity jurisdiction and Indiana has the most intimate contacts with the subject of this litigation, the Court must apply Indiana law to determine whether the exclusion in American Family's auto policy applies. *See Colip v. Clare*, 26 F.3d 712, 714 (7th Cir. 1994). Obviously, Defendants do not make a contrary argument. Under Indiana law, "[i]f the language in the insurance policy is clear and unambiguous, then it should be given its plain and ordinary meaning[.]" *National Athletics Sportswear, Inc. v. Westfield Ins. Co.,* 528 F.3d 508, 513 (7th Cir. 2008). Moreover, in order for a policy to be ambiguous, it must be "susceptible to more than one interpretation and reasonably intelligent persons would differ as to its meaning." *USA Life One Ins. Co. v. Nuckolls,* 682 N.E.2d 534, 538

(Ind. 1997). The Court finds that the exclusion at issue unambiguously excludes coverage. This decision is reinforced by Defendants' failure to make a contrary argument.

It is well-settled that the interpretation of an insurance policy is a question of law appropriate for summary judgment. *National Athletics Sportswear, Inc,* 528 F.3d at 512. Because there are no genuine issues of material fact, American Family's Motion for Summary Judgment (Dkt. 57) is **GRANTED**.[1]  The undisputed evidence establishes that American Family's automobile insurance policy excludes liability coverage for Colin Betts for the claims asserted against him by his wife, Jill Betts.  Final judgment will accompany this entry.

SO ORDERED.    06/22/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

Robert Scott O'Dell
O'DELL & ASSOCIATES, P.C.
rodell@odell-lawfirm.com

Colin M. Betts
2417 W. Bethel Ave., Apt. 15
Muncie, IN 47304

Jill Betts
2417 West Bethel Ave., Apt. 15
Muncie, IN 47304

---

[1] Given the Court's order, it need not address any of American Family's alternative arguments.