UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COLIN M. BETTS, JILL BETTS, and USAA, )<br>)<br>Defendants. ) | Case No. 1:10-cv-00571-TWP-DKL |

## ENTRY ON MOTION TO ENTER SUMMARY JUDGMENT

American Family Mutual Insurance Company ("American Family") initiated this action by filing a Complaint for Declaratory Judgment. American Family filed its initial Motion for Summary Judgment (Dkt. 57) on November 30, 2011, wherein it requested the Court grant summary judgment because: (1) under the policy there was an exclusion for liability coverage as to Defendant Jill Betts's claims against Defendant Colin Betts; (2) uninsured motorist coverage did not apply to Jill Betts; and (3) Colin Betts breached his duties under the policy therefore coverage did not apply. The Court granted that unopposed motion (Dkt. 64) and entered final judgment (Dkt. 65) on June 22, 2012. However, the Court addressed only one of the issues raised, finding that American Family's automobile insurance policy excluded liability coverage for Colin Betts for the claims asserted against him by his wife, Jill Betts. The Court previously reopened this case and denied Jill Betts's Motion to Set Aside Summary Judgment (Dkt. 75). This matter is now before the Court on Plaintiff's Motion to Enter Summary Judgment on Remaining Issues (Dkt. 66). For the reasons stated below, the Court **GRANTS** summary judgment on the two outstanding issues.

## I. BACKGROUND

On October 22, 2007, Colin Betts was the driver of an automobile owned by non-party Andrew Betts. Colin Betts's wife, Jill Betts, was the passenger when they were involved in an accident with another vehicle. At the time of the accident, American Family had issued an automobile policy of insurance which contained certain terms, conditions, exclusions and other provisions. Andrew, Colin and Jill Betts are all residents of the State of Indiana and the policy was contracted and issued to Andrew Betts in the State of Indiana. The accident, however, occurred in Cole, Oklahoma. Nearly two years after the accident, on October 21, 2009, Jill Betts sued her husband in Oklahoma state court for negligence, seeking damages for bodily injuries. Colin Betts answered the complaint, *pro se*, and did not advise American Family of the lawsuit filed by his wife before he filed a response with the court. The Oklahoma court later denied American Family's motion for dismiss for lack of jurisdiction, in part because Colin Betts's *pro se* response acted as a waiver of the jurisdictional objections.

On May 7, 2010, American Family filed a complaint in this Court for declaratory judgment against Defendants Colin Betts, Jill Betts, and foreign corporation USAA (collectively, "Defendants"). As noted above, American Family filed for summary judgment which the Court granted and entered final judgment on the unopposed motion. Jill Betts subsequently filed an uninsured motorist coverage claim against American Family.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476

F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). Finally, "neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

### III.  DISCUSSION

American Family seeks summary judgment on the bases that uninsured motorist coverage did not apply to Jill Betts and that Colin Betts breached his duties under the policy such that no coverage exists. The Court will address each issue in turn.

**A.**   **Uninsured Motorist Coverage**

The policy of insurance issued by American Family and applicable in this case had the following uninsured motorist coverage:

> **2. Uninsured Motorist – Bodily Injury and Property Damage Coverage.**
> Under this coverage **we** will pay compensatory damages an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:
>     a. **Bodily injury** to an **insured person;** and

> b. **Property damage**. But, **we** will only pay for **property damage** if the name and address of the owner or operator of the **uninsured motor vehicle** is provided to us.
>
> The **bodily injury** or **property damage** must be caused by accident and arise out of the **use** of the **uninsured motor vehicle**.

Dkt. 59-1 at 8 (emphasis in original). An uninsured motor vehicle was defined as:

> a. Not insured by a liability bond or policy at the time of the accident.
> b. Insured at the time of the accident by a liability bond or policy with liability limits below the minimum required by the financial responsibility law of the **state** in which **your insured car** is principally garaged.
> c. A hit-and-run vehicle whose operator or owner is unknown and which causes **bodily injury** to **you** or a **relative**. Physical contact with a hit-and-run motor vehicle is required.
> d. Self-insured or insured by a **bodily injury** liability bond or policy at the time of the accident but the self-insurer or company denies coverage or is or becomes insolvent within two years after the accident.
> **Uninsured motor vehicle**, however, does not mean a vehicle:
> a. Owned by or furnished or available for the regular **use** of **you** or a **relative**.
> b. Owned or operated by a self-insurer as considered by any financial responsibility law, motor carrier law, or similar law.
> c. Owned or operated by a governmental unit or agency.

Dkt. 59-1 at 8 (emphasis in original).

American Family contends the plain terms of the definition of "uninsured motor vehicle" establish there is no uninsured motorist coverage in this case, because the vehicle was insured with American Family by a relative of Colin Betts, the driver. Further, as his wife, Jill Betts is a relative of Colin Betts and there is no dispute that at the time of the accident, they lived in the same household. The Court agrees that the policy unambiguously excludes coverage under these facts. Indiana courts have upheld this result as consistent with Indiana's public policy. Recently, in *Greenfield v. Allstate Personal Property*, 806 N.E.2d 856, 861 (Ind. Ct. App. 2004), the court confirmed that the household exclusion for uninsured motorist coverage was not contrary to public policy (citing *Transamerica Ins. Co. v. Henry*, 563 N.E.2d 1265, 1269 (Ind. 1990)). Additionally, the Indiana Court of Appeals has stated, "[i]nsurance companies are free to limit

their liability, so long as they do so in a manner consistent with public policy as reflected by case or statutory law." *Ghea v. Founders Ins. Co.*, 854 N.E.2d 419, 423 (Ind. Ct. App. 2006). Therefore, the Court finds the uninsured motorist coverage does not apply. American Family's motion is **GRANTED**.

**B.  Cooperation Clause**

The insurance policy at issue included a cooperation clause requiring the insureds to comply with certain duties. Those duties were:

> **OTHER DUTIES**
> Each person claiming any coverage of this policy must also:
> 1.  Assist **us** in any claim or suits.
> 2.  Promptly send **us** any legal papers received relating to any claim or suit.

Dkt. 59-1 at 5 (emphasis in original). The policy also included the following condition as a general provision:

> 11.  **Cooperation.** Any person claiming any coverage of this policy must cooperate with **us** in performing all acts required by this policy.

Dkt. 59-1 at 11 (emphasis in original).

American Family contends that Colin Betts breached the policy's cooperation clause, thereby releasing American Family from defending Colin Betts in the Oklahoma action. After Jill Betts filed her original action in Oklahoma against Colin Betts, he filed on October 21, 2009, a *pro se* response, in which he admitted to the jurisdiction of Oklahoma. On January 25, 2010, counsel for Colin Betts filed a Special Appearance and Motion to Dismiss the lawsuit on the basis of lack of jurisdiction over Colin Betts in Oklahoma. The motion was denied, in part because Colin Betts's response acted as a waiver of jurisdictional objections. While it is unclear if American Family alleges specifically that Colin Betts failed to forward the complaint and

5

associated documents to American Family in violation of this specific duty in the policy[1], the Court does find that Colin Betts's response signifies a failure to cooperate as required by the insurance policy.

A cooperation clause is one "requiring that the insured assist the insurer in investigating and defending a claim." *Morris v. Economy Fire & Cas. Co.*, 848 N.E.2d 663, 666 (Ind. 2006) (quoting Black's Law Dictionary 359 (8th ed. 2004)). "An insurance company must show actual prejudice from an insured's noncompliance with the policy's cooperation clause before it can avoid liability under the policy." *Miller v. Dilts*, 463 N.E.2d 257, 265 (Ind. 1984). Here, American Family has shown actual prejudice. Oklahoma law permits the claim of a wife against her husband and excludes household exclusions from insurance contracts. In Indiana, however, as the Court found in its Entry granting summary judgment, household exclusions are valid and would bar this claim. Because Colin Betts filed a *pro se* response and thus waived jurisdictional objections, American Family lost its opportunity to dismiss the Oklahoma action on those grounds. Thus, American Family is subject to a potential liability claim in Oklahoma it would not face in Indiana. Therefore, American Family has suffered actual prejudice and its motion is **GRANTED.**

## IV. <u>CONCLUSION</u>

Accordingly, American Family's Motion to Enter Summary Judgment on Remaining Issues (Dkt. 66) is **GRANTED**. The Court finds, as it did in its previous judgment, that American Family has no duty to indemnify or defend any of the entities involved; no obligation

---

[1] In Indiana, although determining a dispute "regarding alleged breaches of an insured's duty under a separate 'cooperation clause' may necessitate consideration of resulting prejudice to the insurance company, such prejudice is not a necessary consideration in determining the enforceability of other insurance policy provisions." *Id.* In other words, all that is required is a showing of a material breach. *Employers Mut. Cas. Co. v. Skoutaris*, 453 F.3d 915, 924 (7th Cir. 2006) (citing *Morris*, 848 N.E.2d at 666).

to compromise or settle any claims at issue; and no obligation to pay or satisfy any judgment that may be rendered against Defendant Colin Betts related to the accident at issue.

**SO ORDERED.**

Date: 12/10/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Colin M. Betts
2417 West Bethel Avenue, Apt. 15
Muncie, Indiana 47304

Jill Betts
2417 West Bethel Avenue, Apt. 15
Muncie, Indiana 47304

Joseph M. Weidhaas
JOHNSON, VORHEES & MARTUCCI
510 West 6th Street
Joplin, Missouri 64801

Robert Scott O'Dell
O'DELL & ASSOCIATES, P.C.
rodell@odell-lawfirm.com